In re CARVER et al.

(District Court, E. D. North Carolina. February 7, 1902.)

1. BANKRUPTCY—REPORT OF REFEREE—EXCEPTIONS.

Where no exceptions to the report of a referee in bankruptcy are filed, as provided by equity rule 83, requiring the errors to be specifically pointed out, the findings of facts are conclusive.

2. SAME—ASSIGNMENTS UNDER STATE LAW—WHEN REVIEWABLE.

The accounts of an assignee in an assignment for the benefit of creditors under the insolvency act of North Carolina (Acts 1893, c. 453), made more than four months before the adjudication of the debtor as a bankrupt, will not be reviewed in the bankruptcy proceedings, the assignment being valid until the suspension of the state law by the operation of Bankr. Act 1898, which, by section 3, limits the time within which the making of a general assignment constitutes an act of bankruptcy to four months; and hence the assignee can only be required to account for the property of the bankrupt in his hands at the commencement of the bankruptcy proceedings.

In Bankruptcy.

Jno. H. Cook, assignee, in pro. per.

B. F. McLean and Patterson & McCormick, for trustee.

PURNELL, District Judge. The following are certified as the findings of fact by the referee:

"That on the 27th day of February, 1901, the bankrupts executed a deed of assignment for the benefit of creditors. That the assignee, John H. Cook, disbursed the funds which came into his hands as set out in the statement attached, more than four months prior to the institution of the bankruptcy proceedings. That, at the time of the assignment to him by bankrupts, and at the time of the disbursements, John H. Cook, assignee, was a member of the firm of Cook & Morrison. That since the institution of these bankruptcy proceedings, to wit, last November, 1901, the said firm has been dissolved. At request of attorneys for creditors, I find, as a fact, that the check for $62.48, given by John H. Cook to B. F. McLean, trustee, was drawn by the said Cook upon his personal account in the Bank of Laurinburg. That John H. Cook stated in open court that the answer of bankrupts set forth the facts relied upon as the defense by him in the present status of the case."

No exceptions being filed, the findings of fact are conclusive. Equity rule 83; Railroad Co. v. Gordon, 151 U. S. 285, 14 Sup. Ct. 343, 38 L. Ed. 164; In re Covington (D. C.) 110 Fed. 143. The court will not look through a voluminous record to find other facts. On the hearing, out of an abundance of caution, this part of the record was read over to counsel, and, there being no omission suggested, it must be conceded these are all the facts.

Then in the report is added: ·

"As conclusions of law the referee holds: That the assignee for the benefit of creditors is not an adverse claimant as to the trustee in bankruptcy, so far as property in his hands, or which has been improperly paid out by him, is concerned, and that the four months' time limit has no application to the question presented. In the opinion of the referee the cost of administering this estate by J. H. Cook, assignee, is excessive, and with a proper administration the assignee would still have funds on hand. That the trustee should proceed in the proper tribunal to call the assignee to account. The referee is of the opinion that the trustee should proceed by a petition in bankruptcy court, and that John H. Cook, assignee, should be

required to appear at a time fixed by the court to show cause why the amounts paid as attorney's fees, the amounts retained as commissions, and the amounts charged as expenses should not be reduced."

To the above conclusions of law, John H. Cook objects, excepts, and appeals to the judge.

Act Cong. 1898 (Bankrupt Law), is the exercise of a general grant of power, but the exercise of this power does not per se abrogate state insolvent laws. When the act of congress is invoked, or its provisions put in operation, state insolvent or assignment laws are suspended as to the res affected thereby. This must be properly done in apt time. The act of congress limits, not because of any special reason therefor, but arbitrarily, the time within which certain acts are acts of bankruptcy. General assignments, as in the case at bar, are so limited. Section 3. After the four months have expired creditors cannot take advantage of such acts in an involuntary proceeding, as this is, of a general assignment, but the creditors are presumed to have assented to or condoned the act, and the bankrupt law affords them no relief on this account. It is in the nature of an estoppel in pais. To avail themselves of the rights and remedies provided for in the act of congress the act must be invoked within the time prescribed. The state law (Acts 1893, c. 453) contemplates and provides for general assignments for the benefit of creditors, and how settlements shall be made. This state law is not abrogated by the bankrupt law, but when proceedings in bankruptcy are instituted, and an adjudication made, the state assignment law is suspended, and the bankrupt estate administered in the court of bankruptcy. The assignment made by Carver & Co. was in accordance with, and valid under, the provisions of the state law. The act of congress was not invoked by the filing of a petition in bankruptcy until more than four months after such assignment was made, and the estate partly distributed in pursuance thereof. The assignment thus becomes valid, and whatever was done under its provisions is also valid. Creditors who have slept on their rights cannot complain. It appears not only the assignment was made more than four months before the proceedings in bankruptcy were instituted, but the payments were made. The creditors seem to have been taking chances. They delayed too long. They are entitled to only what was found in the hands of the assignee belonging to the unadministered trust. The court of bankruptcy cannot take retroactive cognizance of trusts beyond four months. To do so would be to upset business settlements, which was never contemplated. The provisions of the act as to involuntary proceedings were suspended, to take effect four months later than the provisions as to voluntary proceedings, showing conclusively this was the legislative intent. Hence the court of bankruptcy has no authority to inquire into or review settlements made over four months prior to the adjudication, but will administer the estate as it exists at the time of the adjudication. The assignee is not an adverse claimant; he is the agent of the bankrupt, but what he has done as such agent under the assignment cannot be inquired into after the lapse of time. The law favors vigilance. It does not protect those

who do not protect themselves, or neglect to claim its protection in apt time.

The decision of the referee is modified accordingly, the case remanded to be proceeded with, and the assignee to be required to account for such funds or property of the bankrupts as remained in his hands at the time this proceeding was instituted.